# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, | CASE NO. 1:08-cv-00234-OWW-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR A COURT ORDER MANDATING INCREASE IN RELEASE FUNDS |
| v. | |
| CALIFORNIA STATE PRISON, et al., | (Doc. 10) |
| Defendants. | |

Plaintiff Ernest Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 10, 2008, Plaintiff filed a motion seeking a court order mandating that he be provided with release funds in the amount of $1,000.00. Plaintiff asserts that he is due to parole on April 18, 2008, and payment to released prisoners in the amount of $200.00 is insufficient. As is the Court's general practice, this motion is construed as one seeking a preliminary injunction.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or

1  controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue
2  an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the
3  claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United
4  States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

5       The claims in this action arise from the alleged tampering with Plaintiff's incoming and
6  outgoing mail, motivated in retaliation for another lawsuit Plaintiff is pursuing and because Plaintiff
7  is African American. (Doc. 1.)  In addition to the fact that the claims at issue in this action bear no
8  relation to the relief Plaintiff is seeking in his motion, the payment amount complained of by
9  Plaintiff is set by statute. Cal. Penal Code § 2713.1 (West 2008). The Court has no jurisdiction to
10 issue the order sought by Plaintiff, and Plaintiff's motion is HEREBY DENIED.

11
12 IT IS SO ORDERED.
13 **Dated:   April 14, 2008**                    /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE