# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON, et al.,<br><br>        Defendants. | CASE NO. 1:08-cv-00234-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>(Doc. 48)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Ernest Miller is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed September 15, 2008, against Defendant Rodriguez for interference with Plaintiff's mail and for retaliation, in violation of the First Amendment; against Defendants Vikjord, Hernandez, Price, Freshcura, and Brandon for withholding Plaintiff's outgoing mail in violation of the First Amendment; against Defendants Vikjord, Hernandez, and Price for retaliation in violation of the First Amendment; and against Defendants Rodriguez, Vikjord, Hernandez, Price, Freshcura, and Brandon for violation of the Equal Protection Clause of the Fourteenth Amendment.

On March 20, 2009, Defendants Rodriguez, Vikjord, Hernandez, Price, Freshcura, and Brandon filed a motion to dismiss on the ground that Plaintiff is ineligible to proceed in forma pauperis in this action. 28 U.S.C. § 1915(g). Plaintiff filed an opposition on April 2, 2009, and Defendants filed a reply on April 10, 2009.

Section 1915(g) of the Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions,

1

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." On a motion to dismiss pursuant to section 1915(g), the defendants bear the burden of producing documentary evidence to support a finding that the plaintiff is subject to the statute. Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Defendants argue that Plaintiff suffered three dismissals for failure to state a claim, and is therefore ineligible to proceed in forma pauperis in this action. Defendants contend that dismissal is the proper remedy, and cite three cases that they contend count as strikes. Case number 2:06-cv-01437-GEB-CMK PC Miller v. High Desert State Prison was dismissed on July 24, 2007, for failure to state a claim, and case number 2:07-cv-01538-FCD-CMK PC Miller v. Access Securepak was dismissed on December 19, 2007, for failure to state a claim.[1]

The Court is not persuaded by Plaintiff's apparent argument that because he is still pursuing an appeal of the dismissal of Miller v. Access Securepak, it does not count as a strike.[2] (Doc. 50, Opp., court record p. 8.) An action is dismissed for the purposes of section 1915(g) when a court terminates the action on the ground that it is frivolous, malicious, or fails to state a claim. O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008). If a dismissal is reversed on appeal, it will no longer count as a strike, but unless and until that happens, the district court's dismissal of an action on one of the three qualifying grounds counts as a strike. See id. Therefore, both dismissals, which occurred prior to the filing of this action, count as strikes under section 1915(g).

However, case number 1:03-06495-OWW-WMW PC Miller v. California Dept. of Corrections, which was dismissed on November 27, 2006, was dismissed without prejudice for failure to obey the court's order to file an amended complaint. The court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. After Plaintiff failed to comply with

---

[1] The Court takes judicial notice of its records. U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Plaintiff contends he has an appeal "pending in the court of appeals and the Supreme Court." (Doc. 50, p. 8.) The Court takes judicial notice that the United States Court of Appeals for the Ninth Circuit affirmed the dismissal of Miller v. Access Securepak, and mandate issued on December 8, 2008.

2

1 the order, the court terminated the action based on Plaintiff's failure to obey a court order. Because the dismissal was for failure to obey a court order rather than for failure to state a claim, or as frivolous or malicious, the dismissal does not count as a strike under 1915(g). O'Neal, 531 F.3d at 1152. At the time Plaintiff filed this action, he had sustained only two prior strikes under section 1915(g), and is therefore eligible to proceed in forma pauperis in this action.[3] Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed March 20, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 1, 2009**                              /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE

---

[3] Since the filing of this action, Plaintiff has sustained two more dismissals for failure to state a claim, and he became subject to section 1915(g) on March 12, 2008. The Court takes judicial notice of case numbers 1:07-cv-01152-LJO-GSA Miller v. King Harris Publications Magazine, dismissed on March 12, 2008, for failure to state a claim, and 1:08-cv-00594-OWW-SMS PC Miller v. California State Prison Corcoran, dismissed on May 9, 2008, for failure to state a claim.