# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, | CASE NO. 1:08-cv-00234-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| CALIFORNIA STATE PRISON, et al., | (Doc. 60) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

### Defendants' Motion to Dismiss for Failure to Exhaust

**I.     Background**

Plaintiff Ernest Miller, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 15, 2008.  The action is proceeding on Plaintiff's second amended complaint, filed September 15, 2008, against Defendant Rodriguez for interference with Plaintiff's mail and for retaliation, in violation of the First Amendment; against Defendants Vikjord, Hernandez, Price, Freshcura, and Brandon for withholding Plaintiff's outgoing mail in violation of the First Amendment; against Defendants Vikjord, Hernandez, and Price for retaliation in violation of the First Amendment; and against all six named defendants for denial of equal protection in violation of the Fourteenth Amendment.

///

///

///

1

1   On June 26, 2009, Defendants filed a motion to dismiss for failure to exhaust, pursuant to

2   the unenumerated portion of Federal Rule of Civil Procedure 12(b).  Plaintiff filed an opposition on

3   July 9, 2009, and Defendants filed a reply on July 15, 2009.[1]  Local Rule 78-230(m).

4   **II.   Statutory Exhaustion Requirement**

5   Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

6   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

7   confined in any jail, prison, or other correctional facility until such administrative remedies as are

8   available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

9   administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19

10  (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

11  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

12  Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies

13  to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

14  Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

15  defense under which Defendants have the burden of raising and proving the absence of exhaustion.

16  Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to

17  exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated

18  Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza

19  v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

20  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

21  beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

22  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

23  dismissal without prejudice.  Id.

24  **III.   Discussion**

25  The California Department of Corrections and Rehabilitation has an administrative grievance

26  system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2009).  The process is initiated

27

28  [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 7, 2009.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 38.)

by submitting a CDC Form 602. <u>Id.</u> at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id.</u> at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. <u>Id.</u> at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

Defendants move for dismissal of the claims against them on the ground that Plaintiff did not exhaust.  Defendants submit evidence that Plaintiff filed appeal log number COR-07-04342 against Defendant Rodriguez on September 13, 2007, grieving property issues and seeking the removal of Defendant from his position for discrimination and fraud.  (Doc. 61-2, Jones Dec., ¶¶5-7.)  That appeal was exhausted via denial at the third and final level of review on March 6, 2008, after this suit was filed.  (Doc. 61-3, Grannis Dec., ¶¶4-6.)  No other appeals involving the Defendants and the claims against them in this action were filed.  (Jones Dec.,¶¶5-7; Grannis Dec.¶¶4-6.)

In opposition, Plaintiff argues that he filed an appeal concerning mail tampering that was completed through the second level of review, and returned to him on May 11, 2007.  (Doc. 63, Opp., p. 1.)  On May 12, 2007, Plaintiff was moved to another building, and his property, apparently including the appeal, was taken and never returned.  (<u>Id.</u>)  In addition, Plaintiff cites to appeal log number 07-04342 as evidence of exhaustion.  (<u>Id.</u>)

Plaintiff's claims in this action arise from events which occurred while Plaintiff was incarcerated at California State Prison-Corcoran.  Specifically, Plaintiff alleges that on September 7, 2007, Defendant Rodriguez confiscated his property and told him he had nothing coming in terms of packages or mail because he testified against officers at High Desert State Prison, and that from August 2007 through February 2008, Defendants Vikjord, Hernandez, Price, Frescura, and Brandon withheld his outgoing mail.  (Doc. 28, 2nd Amend. Comp., § IV.)  Plaintiff also alleges that guards on the Corcoran SHU yard do not like African-American prisoners, and during the last week of August 2007, Defendants Vikjord, Hernandez, and Price stated in front of other prisoners,

1   "Prisoner/Nigger is a P/C - protective custody - rat [because] he testified on correctional officers at

2   H.D.S.P.", and he gets no mail or packages. (Id.)

3        Plaintiff's vague reference to an appeal that was apparently lost during a building move in

4   May 2007 is not sufficient to demonstrate exhaustion. First, Plaintiff's claims arose between August

5   2007 and February 2008, making it impossible for a May 2007 appeal to have grieved the conduct

6   at issue in this action. Further, even had the appeal been submitted during a relevant time period,

7   Plaintiff fails to specify in his opposition what facts or misconduct was raised in the appeal, which

8   precludes the Court from determining what claims the appeal sufficiently grieved. Plaintiff also fails

9   to offer any explanation for his failure to obtain a copy from the appeals office or otherwise take

10   steps that would have allowed him to submit the appeal to the final level of review.

11        Finally, log number 07-04342, submitted on September 13, 2007, complained about property

12   issues involving Defendant Rodriguez. "[T]he primary purpose of a grievance is to notify the prison

13   of a problem, and facilitate its resolution." Griffin v. Arpaio, 5557 F.3d 1117, 1120 (9th Cir. 2009).

14   In the absence of greater specificity required by the applicable regulations, a grievance is sufficient

15   "'if it alerts the prison to the nature of the wrong for which redress is sought.'" Id. (quoting Strong

16   v. David, 297 F.3d 646, 650 (7th Cir. 2002)). In California, inmates are required to describe the

17   problem and the action requested. Cal. Code Regs., tit. 15 § 3084.2(a) (West 2009).

18        In submitting the appeal to the first level of review, Plaintiff wrote, "All due to racial

19   discrimination," and the appeal responses acknowledge Plaintiff's reference to discrimination.

20   However, because the Director's Level decision was not issued until March 6, 2008, to the extent

21   the appeal sufficiently grieved Plaintiff's claims against Defendant Rodriguez for interference with

22   mail and racial discrimination, the appeal was not exhausted prior to the filing of this suit. Jones,

23   549 U.S. at 211; McKinney, 311 F.3d at 1199-1201. In addition, the appeal did not exhaust

24   Plaintiff's other claims in this action. Defendants are entitled to dismissal of this action.

25   **IV.   Conclusion and Recommendation**

26        Defendants have met their burden of demonstrating that Plaintiff failed to exhaust prior to

27   filing suit, in compliance with section 1997e(a). Appeal log number 07-04342 was not exhausted

28   prior to the filing of this action, and Plaintiff has not submitted evidence of any other appeals that

satisfy the exhaustion requirement.  Therefore, the Court HEREBY RECOMMENDS Defendants' motion to dismiss, filed June 26, 2009, be GRANTED, and this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 27, 2009**                                   **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE